Wvly, J.
On 17th December, 1858, the defendant, Taylor, inter* vened in the marriage contract between his daughter and third opponent, and, in consideration of the marriage, made a donation, as dowery, unto Ms daughter, of two lots of ground, with the improvements thereon, situ* ated in this city.
The donation was made and accepted in proper form, and the act was duly registered in the mortgage office, parish of Orleans, in a hook of Donations kept in that office.
In. 1866, plaintiff recovered judgment against the defendants, based upon an indebtedness which accrued subsequent to the donation, and levied upon the property donated.
To resist the sale of this property, A. J. Dufilho, the husband of the daughter of the donor, instituted this proceeding of third opposition and injunction.
On the trial in the court below theie was judgment in favor of third opponent perpetually enjoining plaintiff from selling the property in question, and decreeing judgment against plaintiffs for $300, special damages, as attorney’s fees, and costs.' Plaintiffs have appealed.
The question presented to us for determination is, whether the third opponent’s title to the property seized, was inscribed in the manner required by law so as to give effect 'to the donation as against third persons?
Plaintiffs contend that this donation was a transfer or conveyance of the property, and should have been registered in the conveyance offico in pursuance of act 1827, page 136; but the third opponent insists that the donation was duly inscribed in the book of Donations in the mortgage office pursuant to Art. 1541 C. O., and that an inscription in tho conveyance office was unnecessary.
*572 The act of 1855 created the office of conveyances, and requires every act of conveyance to be inscribed in that office. If this act of donation, amounts to a conveyance it should have been recorded in the convey- •. anee office, and need not have been registered in the book of Donations • in the mortgage office. This Oourt has often held that possession under an act of sale i.s not sufficient notice to creditors and subsequent purchasers to defeat the registry laws. 14 A. 414, and the authorities there cited.
Does the title of the donee depend upon the law prescribing the forms of alienations and the mode of registry thereof? Or does it depend upon compliance with the law prescribing the forms of donations inter vivos and the mode of registry thereof? ,
Would this act of donation of the lots, properly drawn up by the notary, have been valid if recorded in the conveyance office and not in the book of Donations in the mortgage office?
We think not. Art. 1541, C. 0., says: “When the donation comprehends property that may legally be mortgaged, the act of donation, as well as the act of acceptance, whether the acceptance be made by. the same or separate act, must be registered within the time prescribed for tho registry of mortgages, in a separate book kept for that purpose by the register of mortgages, which book shall be open to the inspection of all parties requiring it.”
Art. 3351, O. C., requires the recorder of mortgages for the parish of Orleans to keep three registers, one for conventional mortgages and privileges, another for judicial mortgages, and a third “to record all donations which have to undergo that formality.”
What was the object of registering the act in the book of Donations in the mortgage office? It was evidently to give notice, to give it effect as against third parties. It was a notice in the manner pointed out by law. We think the constitution of dowery in this case was neither an alienation nor a mortgage; that the act. did not irrevokably invest the donee with ownership; that the validity of the act and its effect against third persons is based upon the articles of the Civil Code prescribing the forms of donations inter vivos and the mode of registry thereof. We think the act of 1855, prescribing the mode of registry of conveyances of immovable property, does not apply to donations 'inter vivos; that neither the act of 1827, nor the act of 1855, repeals Art.' 1541 C. O. which prescribes the form of registering donations inter vivos.
Plaintiff’s brief cites us to the language of act of 1855, page 335,' which' declares, “that no notarial act concerning immovable property shall have any effect against third persons until the same shall 'have been recorded in the office of parish recorder or the register of conveyances of the parish, where suchimmovablepropertyis situated.”' If this language is, to be construed to mean all acts effecting immovable property, then mortgages as well as donations inter vivos must be registered in the office of the conveyance; and we are to infer that this act repeals the articles of the Oivil Code prescribing the form of registering acts of mortgages and acts of donations inter vivos. Stich we do not believe to bé a proper interpretation of that act.
Plaintiffs contend that if article 1541 C. C. is nót'répealed by the *573 statutes of registration that, that article has no application to 1 marriage contracts. We think Arts. 1727 and 2317 of Civil Code completely refute this position. Art. 1727 C. C. declares that “ Every donation inter vivos though made by marriage contract to the husband and wife, oí to either of them, is subject to the general rules prescribed for donations made under that title.” The dowery of Mrs. Dufilho was settled by her father at a time when he was able to do so; it was a donation which had to be registered according to Art. 1541 C. C.
We think the Judge a quo did not err in maintaining the injunction; but the “judgment however must be amended as regards the allowance' of counsel fees. ”
We know of no law authorizing plaintiffs in injunction to recover' from defendants in injunction the amount incurred for counsel fees. See the case of Dyke v. Dyer, reported in 14 A. 701, and the authorities there cited.
It is therefore ordered, adjudged and decreed that the judgment of the District Court be amended by striking out the clause allowing $300, counsel fees; and that the judgment so amended be affirmed, with costs, the appellee to pay the costs of appeal.